# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HALEY MAY OLSEN,

       **Plaintiff,**

v.                                                                     Case No. 21-CV-1110

MILWAUKEE WOMEN'S CORRECTIONAL CENTER,

       **Defendant.**

## ORDER

Plaintiff Haley May Olsen, a *pro se* plaintiff who was formerly incarcerated, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights. (ECF No. 1.) This order resolves Olsen's motion for leave to proceed without prepaying the filing fee and screens her complaint.

The court has jurisdiction to resolve Olsen's motion to proceed without prepaying the filing fee and to screen the complaint in light of Olsen's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1.    Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Olsen was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA

allows the court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On October 12, 2021, the court ordered Olsen to pay an initial partial filing fee of $43.67. (ECF No. 7.) Olsen paid $ 45.00 on October 28, 2021. The court will grant Olsen's motion for leave to proceed without prepaying the filing fee. She must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening of the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a

2

claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2    Olsen's Allegations*

Olsen states that, while incarcerated at the Milwaukee Women's Correctional Center, she was placed in the restricted housing unit. Several months after her placement, she discovered that 35 photos were missing from her property. She is seeking compensation for the loss of the photos. (ECF No. 1 at 2.)

3

*2.3 Analysis*

Olsen does not name a defendant from whom she may recover damages. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate her constitutional rights. Section 1983 also allows a plaintiff to sue a "person" who, acting under color of law, violates her constitutional rights. The Milwaukee Women's Correctional Center is not a person.

Normally, the court would grant Olsen an opportunity to amend her complaint to name the specific individual or individuals responsible for taking her photos. However, in this instance allowing such an amendment would be futile. The court interprets Olsen's claim as one alleging that her Fourteenth Amendment due process rights were violated when her photos were confiscated. "In order to state a claim for a procedural due process violation of a property right, [a plaintiff] must establish: (1) a protected property interest; (2) a deprivation of that property interest by someone acting under the color of state law; and (3) a denial of due process." *Booker-El v. Superintendent, Indiana State Prison*, 668 F.3d 896, 899 (7th Cir. 2012). A protected property interest is created where a plaintiff has a

4

Case 2:21-cv-01110-WED   Filed 12/15/21   Page 4 of 7   Document 10

legitimate claim of entitlement to the property, and a legitimate claim of entitlement "is 'defined by existing rules or understandings that stem from an independent source such as state law.'" *Id*. (quoting *Bd. of Regents of State Colls. V. Roth*, 408 U.S. 564, 577 (1972)).

While Olsen alleges she had a property interest and suffered a deprivation, she does not allege that she was denied due process. There are two types of potential due process claims: "'claims based on established state procedures and claims based on random, unauthorized acts by state employees.'" *Leavell v. Ill. Dept. of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010) (quoting *Rivera-Powell v. New York City Cd. Of Elections*, 470 F.3d 458, 465 (2nd Cir. 2006) (citations omitted). Olsen does not allege that her deprivation occurred as a result of faulty state procedures. Instead, her allegations suggest that the deprivation occurred as a result of a random and unauthorized act by unnamed staff at the Milwaukee Women's Correctional Center. In instances where deprivations result from random and unauthorized conduct, a plaintiff receives sufficient due process where the state "provides [a] meaningful post-deprivation remedy." *Id.*

Wisconsin provides statutory procedures to address random, unauthorized deprivations of property by government actors. *See* Wis. Stat §§ 893.55 (action to recover personal property after wrongful taking, conversion, or wrongful detention); 893.51 (action for damages from injury to property). A plaintiff may also use the inmate grievance system and, once exhausting that process, file for a writ of certiorari in Wisconsin state court. *See Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th

5

Cir. 1996). Olsen does not allege that the Wisconsin post-deprivation statutory remedies are inadequate. Thus, allowing her to amend her complaint to name the specific individuals responsible would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021).

**3. Conclusion**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Olsen's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Olsen pay the remaining $305.00 of the filing fee by sending periodic payments to the Clerk of Court's office as she is able.

**IT IS FURTHER ORDERED** her case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Olsen has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 15th day of December, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge